# OREGON DEPARTMENT OF CORRECTIONS

## AIC COMMUNICATION FORM

TO: Central Trust                              Date: 9-19-21

State your issue in detail: I have yet to receive a statement about the "collection" in dispute. Sent electronic message & B. Moore, Business Services replied on 8-31@5:26 AM that on 8-23-21 there was a deposit of $605.55 from the U.S. Treasury (Tax Refund) AKA EIP2, or CRRSAA which the Feb 4-10, 2021 Snake River Currents correctly identifies as protected 26 U.S.C. §6428A RE: 2020 RRC states in the Administrative Provisions (2)(A)- "The right of any person to any applicable payment shall not be transferable or assignable, at law or in equity, and no applicable payment shall be subject to, execution, levy, attachment, garnishment or other legal process" ORS 18.345 RE Exempt personal property generally notes (i)(n) the debtor's right to receive an earned income credit under federal tax laws & any moneys that are traceable to a payment of an EIC under fed. tax laws. Not one penny of that deposit was legally "collected" by DOC or applicable to ORS 423.105. I ask that it be properly deposited in my Protected Spending Reserve Account please. Thank you

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
|  |  |  |

Response/Action Taken: _____

_____

_____

_____

_____

_____

_____

_____

_____

Date Received: _____    Referred To*: _____

Date Answered: _____    Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)



Kate Brown, Governor

**Oregon Department of Corrections**
Financial Services / Business Services
PO Box 14400
Salem, OR 97309-14400
Voice: (503) 378-3798
Fax: (371) 371-8364



09/21/21

2 A08 B

Stephen Whitaker #10008243
SRCI 3B01B



**Subject:   EIP Funds**

AIC Whitaker,

Regarding the protected status of Economic Impact Payments (EIPs), the CARES Act EIP and ARPA EIP are not considered protected as defined in OAR 291 Div. 158. The CRRSAA (CAA) EIP is considered protected. This difference is due to the wording of the separate bills that authorized these payments. The tax refund issued as a part of the 2020 Recovery Rebate Credit is also not considered protected from debt/obligation collections.

The tax refund provided by the IRS can consist of one or both $1200 and $600 EIPs. Tax refunds are still subject to collections even if the original $600 EIP is considered protected. This is how the IRS has decided to designate these funds.

The Oregon Department of Justice (DOJ) and the Oregon Department of Corrections (DOC) have reviewed the wording of these economic impact payment bills and the relevant statutes and laws regarding them. The policy decision was made by DOC that these funds are not considered protected funds due to the wording of the associated bills and how the IRS has elected to issue these funds as a part of the 2020 Recovery Rebate Credit.

Sincerely,

N.Ogle
Financial Services



# OREGON DEPARTMENT OF CORRECTIONS

## AIC COMMUNICATION FORM

TO: _CFO Steve Robbins_      Date: _10-17-21_

State your issue in detail: ~~~~ ORS 291.003 states in (relevant) part "in all cases where federal funds are involved, the federal laws, rules and regulations applicable to the federal funds shall govern." Furthermore, in Schott v. Mnuchin (489 F. Supp. 3d 1008) the court ruled it "No deference to the IRS interpretation of the CARES act" and "Agency action is invalid if arbitrary and capricious". ~~Oregon DOJ~~ and ~~DOC "policy"~~ ~~is~~ and/or State law, administrative rules, policies, etc. are not relevant. Federal law controls which I have already cited. This allows no attachment of any kind. Therefore I ask again that the entire amount of $605.55 be posted to my Protected Money's Reserve Account. Thank you very much.

Otherwise, I will contact Class Counsel & the Honorable Phyllis J. Hamilton.

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
|  |  |  |

Response/Action Taken:    Equal Justice Society - Eva J. Paterson
1939 Harrison St Ste 818
Oakland, ~~&~~ CA 94612

Kelly M. Dermody
Lieff, Cabraser, Heimann & Bernstein

N.D. California Court
1301 Clay St.
Oakland, CA 94612

2-10-22 @ 6:05 PM
Email to Bob Culp.

Date Received: _____    Referred To*: _____

Date Answered: _____    Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)

 **Oregon**

Kate Brown, Governor

**Oregon Department of Corrections**
**Chief Financial Office**
2575 Center Street NE
Salem, OR 97301-4667
Voice: (503) 947-9955
Fax: (503) 378-4285



November 16, 2021

STEPHEN WHITAKER
SRCI – 3B01B
SID# 10008243
797 STANTON BLVD
ONTARIO, OR 97914

RE:  Inmate Communication – dated 10/17/2021 addressed to Steve Robbins, Chief Financial Officer

Dear Mr. Whitaker,

Thank you for your correspondence dated October 17, 2021. This letter is to inform you the Department of Corrections, CFO received your letter. The CFO Office is forwarding your correspondence to Bob Culp, Central Trust Manager who can be of assistance.

Thank you,

Steve Robbins
Chief Financial Officer
Oregon Department of Corrections

**TORT CLAIM NOTICE**
[ONE OCCURRENCE, PER FORM]

**TO:**    OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES
RISK MANAGEMENT
1225 FERRY ST SE U150        *MY COPY*
SALEM OR 97301

**FROM:  CLAIMANT**
Legal Full Name:        _____
S.I.D Number:           _____
Current Mailing Address: _____
                        _____
                        _____
                        _____

Date of Birth:          _____
Social Security Number: _____
Location of Loss:       _____
Date of Loss:           *Notified by E-mail sent 8·31*

Pursuant to provisions of ORS 30.275, claimant gives notice that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body. Below is a description of the time, place and circumstances giving rise to the claim.

*My second Economic Impact Payment of 605.55 was appropriated, contrary to 26 §6428A, by the Department of Corrections. It is protected by Federal Law. DOC is aware of this, as they published in the institution newsletter this fact. It is also reiterated in the response by N. Ogle on 9-21-21. This protection is not changed by the 2020 Recovery Rebate Credit. 26. USC §6428A is the Federal statute regarding said credit, which I have quoted in my kyte dated 9-19-21. Nothing about the protection is changed by having to re-file for the credit, which was neccessitated by DOC rejecting the payment when it was first disbursed. This manipulation is a deliberate and contrived contravention of Federal Law, which is the only law that matters as concerning Federal Funds. When deposited by check, which may no carry a unique identifier, upon the request of the account holder (ME My Trust Account), the financial institution (DOC or more specifically The State Treasurer) SHALL treat the funds as exempt without the consent of the "Judgment creditor" This is clearly stated in the Federal Law (Pub. L. 116-120 div. N, title II, §272 (d), Dec. 27, 2020, 134 stat 1972) See also Beal v. Davids (W.D. Mich 2021) which involves the exact attempt to subvert the interpretation of the Federal statute*

PAGE ____ OF ____

TORT CLAIM NOTICE
[ONE OCCURRENCE, PER FORM]

It is a claimant's responsibility to prove their allegations. Claimant to provide documentation before Risk Management begins an investigation with Department of Corrections. Provide any kytes, grievances, property inventory and incident reports that would substantiate your claim.

Document Enclosure(s):     YES ☒     NO ☐

Claimant Signature: _____

SID: _____     Date Signed: 2-25-22

Name and Addresses of Defendants/State Employees

N. Ogle
Financial Services
P.O. Box 14400
Salem, OR 97309-14400

Bob Culp
Central Trust Manager
P.O. Box 14400
Salem, OR 97309-14400

Steve Robbins
Chief Financial Officer
2575 Center Street N.E.
Salem, OR 97301

Collette Peters
DOC Director
2575 Center Street N.E.
Salem, OR 97301

[SUPERINTENDENT]
Jaime Miller
777 Stanton Blvd.
Ontario, OR 97914

After certain date _____
my address will be_____

PAGE ____ OF ____



**Oregon**
Kate Brown, Governor

**Department of Administrative Services**
Enterprise Goods & Services
Risk Management
PO Box 12009
Salem, OR 97309-0009
Telephone: 503-373-7475
Fax: 503-373-7337

March 4, 2022

STEPHEN WHITAKER
SID #10008243
SRCI
777 STANTON BLVD
ONTARIO OREGON 97914

Claim Number:      L18157101
Date of Loss:      8/31/2021
Re:                Acknowledgement

Dear Stephen Whitaker,

We received your notice of claim and it was referred to the Custody Claims Unit for handling.

We are currently conducting a review through the Oregon Department of Corrections (ODOC). We will contact you via regular mail when it is complete.

We do not waive any defenses or immunities available to the State of Oregon by responding to your claim letter.

Please direct your correspondence to the address above.  Be sure to include our claim number.

Respectfully,
Custody Claims Unit



**Oregon**

Kate Brown, Governor

**Department of Administrative Services**

Enterprise Goods & Services
Risk Management
PO Box 12009
Salem, OR  97309-0009
Telephone: 503-373-7475
Fax: 503-373-7337

March 17, 2022

STEPHEN WHITAKER | SID# 10008243
SRCI
777 STANTON BLVD
ONTARIO OREGON  97914

| | |
|---|---|
| Claim Number: | L18157101 |
| Date of Loss: | 8/31/2021 |
| Re: | Denial |

Dear Stephen Whitaker,

A review has been completed through management level staff at the Oregon Department of Corrections (ODOC) concerning your claim.

There are four potential Economic Impact Payments (EIPs) with only the CRRSAA EIP identified as protected.  Tax refunds issued as part of the 2020 Recovery Rebate Credit are also not identified as protected funds.

Records indicate ODOC posted an August 23, 2021, deposit of $605.55 to your account.  These funds were identified by the US Treasury as a 2020 tax refund.  Therefore, the funds are not protected from debt/obligation collection.

We do not find negligence on the part of the State of Oregon/Oregon Department of Corrections, its officers, agents, or employees.

Based on the findings, your claim must be denied in its entirety, and with this notice we will be closing this claim.

Respectfully,
Custody Claims Unit

# *Snake River Currents*

SRCI—Volume 24, Issue 04
Page 2



# OREGON DEPARTMENT OF CORRECTIONS

## CARES Act Economic Impact Payment

To All Adults in Custody:

The Financial Services Unit has received information from the Internal Revenue Service (IRS) regarding the CARES Act Economic Impact Payment (EIP) stimulus funds.

IRS letters were sent to nearly 35,000 incarcerated US citizens nationwide claiming an EIP was not issued before December 31, and individuals could apply for a 2020 Recovery Rebate Credit. The IRS has confirmed these letters **were sent in error**.

The IRS has also confirmed the second round of EIP funds sent in the form of debit cards **were also sent in error.** You will receive a notification from Financial Services (Central Trust or Business Services) if one of these cards is received for you. Once the IRS determines how these debit cards will be handled, more information will be provided.

The IRS is aware of these mistakes and is working to correct them. Further correspondence from the IRS is forthcoming.

Please note the IRS has confirmed correspondence requesting a correction or adjustment to a 1040 tax form are valid. It is your responsibility to respond to the IRS as you deem appropriate.

Again, the Recovery Rebate Credit and debit card letters were sent in error. Financial Services does not have information regarding the status of external deposits an AIC expects to receive including EIP stimulus funds for AICs. If a check is received by Central Trust, it will be processed in accordance with OAR 291 Div 158-0045.

Sincerely,

Financial Services

# *Snake River Currents*          Feb 4-10, 2021

SRCI—Volume 24, Issue 06
Page 3

## Economic Impact Payment (EIP)

The Internal Revenue Service (IRS) has begun issuing the second round of Economic Impact Payment (EIP) funds approved through the **Coronavirus Response and Relief Supplemental Appropriations Act 2021 (CRRSAA)**.

Due to the way this bill is written, the CRRSAA funds are considered *"protected moneys"* as defined in OAR 291-158. Therefore, CRRSAA funds received will be deposited to the AIC's Protected Moneys Reserve Account.

AICs may spend funds directly from the Protected Moneys Reserve Account by using the green Request for Withdrawal of Protected Reserve Funds form, CD28P.

AICs who wish to use these funds for communication purposes must select the Protected Moneys Reserve Account when requesting a transfer on the tablet.

As a reminder, Financial Services is not authorized to provide tax advice or status updates.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Impacto Económico (EIP)

# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE# _____

Name: Whitaker     Stephen     MI)     SID #   10008243    Housing:   C-209B   Assgnmt: _____
(Last,         First,      MI)

DOC Facility:   OSP     Location of Violation:     C-Block     Date:   03/31/2017   Time:    12:02 AM
                                                                  Mo. Day. Yr.

### Charge(s) WRITE IN THE APPROPRIATE RULE(S)

05    ~~Property I~~          ~~Major~~

| Rule# | Title of Rule | Major/Minor | Rule# | Title of Rule | Major/Minor |
|---|---|---|---|---|---|
| .10.01 | Countraband I | Major | | | |
| Rule# | Title of Rule | Major/Minor | Rule# | Title of Rule | Major/Minor |
| | | | | | |
| Rule# | Title of Rule | Major/Minor | Rule# | Title of Rule | Major/Minor |

Description of Violation (explain how/you discovered/learned the facts and who, what, when, where and how. Use continuation sheet if needed):

On March 31 2017 at approximately 0002, I was conducting my evening count in C-block. As I was passing C-209 I could tell something was not normal within cell C-209. I could smell a very strong odor of alcohol and heard Inmate Whitaker making funny noises as if he was singing to himself. His voice was slurred, and with the smell of alcohol, I called for additional staff to respond for assistance. Additional staff showed up and they escorted Inmate Whitaker to DSU. Due to my professional experience Inmate Whitaker appeared to be heavily intoxicated. He was very unsteady on his feet and he appeared very disoriented. After both inmates were taken out of the cell I did a cell search and found one large empty bag of homemade alcohol, two cups still with very small amount of alcohol left. I took pictures of evidence and attached them to the DR. Inmate Whitaker was taken to the hospital due to having seizer's once he was admitted to DSU. The OIC called for ambulance and Inmate Whitaker was taken to the local hospital. Nothing else to report. If the medical trip is determined to be related to the intoxication, inmate Whitaker should be held responsible for all charges associated with the medical trip. The costs will be determined at a later date.

Disposition of Physical Evidence:     N/A

Staff Witnesses:   SGT Working, CPL Brown,

Immediate Action taken:    Misconduct submitted

Submitted by:   M. Coleman _____      Officer    Date:   03/31/2017   Time:    3:00 AM
        Printed Name and Signature            Title

Reviewing Supervisor:   W. Bellman _____      Captain    Date:   03/31/2017   Time:    3:00 AM
        Printed Name and Signature            Title

********************PLACED IN HOLDING STATUS********************

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that good order and security of the facility require immediate removal of the inmate and placement in segregation status because:

This inmate enganged in an activity that threatens the safety, security, and orderly operation of the facility.

Placed in Segregation by:   ~~W. Bellman~~   for: E. Rose      LT. ~~Captain~~    Date:   03/31/2017   Time:    12:05am
        Printed Name and Signature            Title

Pre-Hearing Segregation Approved: _____   Denied: _____   Release Ordered: _____   _____

Inmate Copy Delivered by:   C. Byars _____      CPL    Date: 3-31-17   Time: 1630
        Printed Name and Signature            Title

OSCI
DS-22B

**Oregon Department of Corrections (ODOC)**

**Mission: To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior**

# Disciplinary Hearing

# Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Whitaker, Stephen Jason | **Case #:** | 1703 OSP 0114 OSP 26 |
| **SID:** | 10008243 | **Date(s) of Hearing:** | 04/04/2017 |

**Rules Charged**

1.10  -  Contraband I

**Plea**

Admit

APR 1 1 2017

## Procedural Points

Inmate received a copy of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing and Rules of Prohibited Conduct. The inmate acknowledged understanding the Misconduct Report and Inmate Rights in a Hearing.

All relevant physical evidence was disclosed to the inmate.

## Finding of Fact

On March 31, 2017 Officer Coleman was conducing the midnight count in C-Block at OSP. Officer Coleman noted a strong odor of alcohol coming from cell C-209 assigned to Inmate Whitaker. Officer Coleman reports Inmate Whitaker was making strange noises as if he was singing to himself. Officer Coleman reports Inmate Whitaker's voice was slurred and believed Inmate Whitaker was intoxicated. Officer Coleman called for additional staff to assist.

When additional staff arrived, the cell door was opened to remove Inmate Whitaker from the cell. Officer Coleman reports Inmate Whitaker was very unsteady on his feet and appeared disoriented. Sergeant Working reports Inmate Whitaker was not capable of standing and walking without help. Sergeant Working reports helping to hold Inmate Whitaker up while escorting him to DSU. Corporal Brown reports Inmate Whitaker needed help to walk, was having difficulty keeping his eyes open, and was slurring his speech.

After being escorted to DSU, Inmate Whitaker was examined by medical staff. It was reported that Inmate Whitaker was having seizures and was escorted to the hospital for additional medical care. Corporal Brown escorted Inmate Whitaker to the hospital. Corporal Brown reports hospital nursing staff indicated Inmate Whitaker had a Blood Alcohol Content of .25.

After removing Inmate Whitaker from the cell, Officer Coleman conducted a search and located a large empty bag with the remnants of prison made alcohol. Officer Coleman also located two cups still containing a small amount of prison made alcohol. These items were photographed and the photographs were provided as evidence in this case.

During his hearing, Inmate Whitaker admitted to consuming alcohol in his assigned cell. Inmate Whitaker stated, "I guess I drank a little too much."

## Ultimate Findings of Fact and Conclusions

Inmate possessed any intoxicant, thereby, violating Rule 1.10.01, Contraband I.

---

Produced by NOFZIGEJ,04/05/2017 03:00:40 PM

Page 1 of 2

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.



## Oregon Department of Corrections (ODOC)

**Mission: To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior**

## Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Whitaker, Stephen Jason | **Case #:** | 1703 OSP 0114 OSP 26 |
| **SID:** | 10008243 | **Date(s) of Hearing:** | 04/04/2017 |

### Preliminary Order

Inmate has had 1 major rule violation(s) in the past two years. Rule 1.10.01, Contraband I, is on Level 2 of the Major Violation Grid.

| Rule | Charge |
|---|---|
| Contraband I | Violation |

| Sanctions | Begin Date | End Date | Days | Amount | Suspended Thru | Notes |
|---|---|---|---|---|---|---|
| Confiscate Contraband | | | 0 | | | pruno, containers |
| Disciplinary Segregation | 3/31/2017 | 4/29/2017 | 30 | | | CTS |
| Loss of privileges | | | 14 | | | upon release from seg. |
| Other disciplinary action | | | 0 | | | Reserve on medical costs |

| | | | |
|---|---|---|---|
| **Hearing Officer:** | Nofziger, Jeremy M | **Date:** | 04/04/2017 |
| **Functional Unit Manager:** | | **Date:** | 4-11-17 |

**Final Order:** ☒ Approved    ☐ Order Hearing Reopened    ☐ Amended per below

_____

_____

Produced by NOFZIGEJ,04/05/2017 03:00:40 PM                    Page 2 of 2

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

# OREGON DEPARTMENT OF CORRECTIONS

### HEARINGS OFFICE



**TO:**    **Whitaker, Stephen**                                    **SID #: 10008243**

**Date:**    **May 10, 2017**

**FROM: OSP Hearings Office**

**SUBJECT: NOTICE OF RESTITUTION HEARING, <u>CASE  1703 OSP 0114 OSP 26.</u>**
A hearing concerning the restitution related to the formal disciplinary hearing in the case above, will be scheduled in accordance with OAR 291-105-0005, governing Prohibited Inmate Conduct and Processing Disciplinary Actions.

The restitution amount being considered is $ <u>3,625.30</u> for medical costs.

### <u>CERTIFICATE OF SERVICE</u>

Notice of Restitution Hearing was delivered to Inmate **Whitaker, Stephen    SID #: 10008243** on:

Date: _5-10-17_ at _1:25_ (am/pm)

By: _E. Solis_ .
               (Printed Name)

_____ .
              (Signature / Title)

Original:    Hearings
Copy:        Inmate



**Oregon Department of Corrections (ODOC)**

**Mission:** To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior

## Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Whitaker, Stephen Jason | **Case #:** | 1703 OSP 0114 OSP 26 |
| **SID:** | 10008243 | **Date(s) of Hearing:** | 04/04/2017, 05/12/2017 |

| **Rules Charged** | **Plea** |
|---|---|
| 1.10  -  Contraband I | Admit |

*Rcvd 5-25*

### Procedural Points

Inmate received a copy of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing and Rules of Prohibited Conduct. The inmate acknowledged understanding the Misconduct Report and Inmate Rights in a Hearing.

All relevant physical evidence was disclosed to the inmate.

Inmate's request for postponement was denied because the proffered evidence would not constitute a defense to the charges nor substantially mitigate the rule violations.

### Finding of Fact

On March 31, 2017 Officer Coleman was conducing the midnight count in C-Block at OSP. Officer Coleman noted a strong odor of alcohol coming from cell C-209 assigned to Inmate Whitaker. Officer Coleman reports Inmate Whitaker was making strange noises as if he was singing to himself. Officer Coleman reports Inmate Whitaker's voice was slurred and believed Inmate Whitaker was intoxicated. Officer Coleman called for additional staff to assist.

When additional staff arrived, the cell door was opened to remove Inmate Whitaker from the cell. Officer Coleman reports Inmate Whitaker was very unsteady on his feet and appeared disoriented. Sergeant Working reports Inmate Whitaker was not capable of standing and walking without help. Sergeant Working reports helping to hold Inmate Whitaker up while escorting him to DSU. Corporal Brown reports Inmate Whitaker needed help to walk, was having difficulty keeping his eyes open, and was slurring his speech.

After being escorted to DSU, Inmate Whitaker was examined by medical staff. It was reported that Inmate Whitaker was having seizures and was escorted to the hospital for additional medical care. Corporal Brown escorted Inmate Whitaker to the hospital. Corporal Brown reports hospital nursing staff indicated Inmate Whitaker had a Blood Alcohol Content of .25. The cost of the medical expenses were not available at the initial hearing.

After removing Inmate Whitaker from the cell, Officer Coleman conducted a search and located a large empty bag with the remnants of prison made alcohol. Officer Coleman also located two cups still containing a small amount of prison made alcohol. These items were photographed and the photographs were provided as evidence in this case.

During his hearing, Inmate Whitaker admitted to consuming alcohol in his assigned cell. Inmate Whitaker stated, "I guess I drank a little too much." Inmate Whitaker indicated he has had seizures for a long time and the alcohol consumption did not have anything to do with his seizure.

This hearing was reconvened on May 12, 2017 to consider restitution for medical expenses. Medical Services

---

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.



Oregon Department of Corrections (ODOC)

**Mission: To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior**

## Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Whitaker, Stephen Jason | **Case #:** | 1703 OSP 0114 OSP 26 |
| **SID:** | 10008243 | **Date(s) of Hearing:** | 04/04/2017, 05/12/2017 |

### Finding of Fact

Manager Coffey reports, "I reviewed the hospital notes on the above inmate. ETOH was a contributing factor to why Mr. Whitaker was sent to the hospital." Nurse Manager Coffey was asked to clarify the abbreviation "ETOH" and confirmed this to be Ethyl Alcohol.

Prior to the restitution hearing, Inmate Whitaker requested additional time to obtain medical records to show a history of seizure activity. This request was denied as medical professionals had already reviewed the records and indicated Ethyl Alcohol was a contributing factor in this specific seizure and hospital trip.

### Ultimate Findings of Fact and Conclusions

Inmate possessed any intoxicant, thereby, violating Rule 1.10.01, Contraband I.

### Preliminary Order

Inmate has had 2 major rule violation(s) in the past two years. Rule 1.10.01, Contraband I, is on Level 2 of the Major Violation Grid.

| Rule | Charge |
|---|---|
| Contraband I | Violation |

| Sanctions | Begin Date | End Date | Days | Amount | Suspended Thru | Notes |
|---|---|---|---|---|---|---|
| Confiscate Contraband | | | 0 | | | pruno, containers |
| Disciplinary Segregation | 3/31/2017 | 4/29/2017 | 30 | | | CTS |
| Loss of privileges | 4/29/2017 | 5/12/2017 | 14 | | | upon release from seg. |
| Restitution | | | | $3,625.30 | | AMENDED CASE FOR RESTITUTION: Cost of outside medical care for Inmate Whitaker due to misconduct. |

| | | | |
|---|---|---|---|
| **Hearing Officer:** | Nofziger, Jeremy M | **Date:** | 05/12/2017 |
| **Functional Unit Manager:** | | **Date:** | 5/15/17 |

**Final Order:** ☒ Approved ☐ Order Hearing Reopened ☐ Amended per below

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

OSCI
MHIDYB

# OREGON DEPARTMENT OF CORRECTIONS
## FINDINGS OF FACT, CONCLUSIONS, AND ORDER



### ADDENDUM

RECEIVED  MAY 1 5 2017

**Inmate:**  **Whitaker, Stephen**

**DATE:**    **May 12, 2017**                              **CD: 5**

**Case #**    **1703 OSP 0114 OSP 26**          **SID #:  10008243**

This case was heard on **April 4, 2017**.  The evidence was presented, considered, and a Findings of Fact was made at that time.  However, while most of the sanctions were recommended during this hearing, there wasn't information available regarding the cost of medical treatment.

The hearing was reconvened on May 12, 2017, to consider, for the aforementioned medical costs and was concluded.

## PRELIMINARY ORDER

In addition to the sanctions previously ordered, the Hearings Officer recommends that Inmate Whitaker be assessed costs of restitution for $3,625.30, for medical costs.

The total amount of the restitution is **$3,625.30.**

_____                    May 12, 2017
Hearings Officer                                         Date

## FINAL ORDER

Approved  X          Amended _____      Order Hearings Reopened _____

Deviation_____

_____                    5/15/17
Superintendent                                         Date

**Oregon Department of Corrections**
# Petition for Administrative Review

**Inmate Name:** _STEPHEN WHITAKER_      **SID#:** _10008243_
Printed Name/Signature

**Institution:** _OSP-DR (now housed at OSCI)_      **Date:** _7-12-17_

1) **REVIEW CRITERIA:** In order to file an administrative review, you must have been found in violation of a **Level I or II** rule(s) on the Sanctioning Grid;  **or** your sanction recommends an **extension** of your parole release date or **retraction** of earned time, good time or extra good time credits;  **or** a segregation sanction **deviation** was ordered.

2) **TIMEFRAMES:** You must file your request with the Inspector General within **60** calendar days after the Final Order has been signed by the Functional Unit Manager/designee or after the preliminary order becomes a final order under OAR 291-105-0031(3).

3) **MANDATORY REQUIREMENTS**: (Please complete the following areas)

   Date of Hearing: _5-12-17_

   Hearing Case Number: _1703 OSP 0114 OSP 26_

   _Contraband I_                _30 days seg. 14 days LOP_          _$ 3,625.30 Restitution_
   Rule Violation                Sanction

   _____                _____                _____
   Rule Violation                Sanction

   _____                _____                _____
   Rule Violation                Sanction

   **You must provide sufficient evidence to show:**

   1) **There was not substantial compliance with the rule because:**

   _____

   _____

   _____

   _____

   _____

   _____

Page 1 of 2 – CD 1442 (5/05)

2)  **The finding was not based on the preponderance of evidence because:**

the seizure I experienced was due to a longstanding seizure disorder and denial of any medication for said disorder not my admitted Misconduct. I have been unsuccessful in obtaining copies of Medical Records, but they are well documented in my D.O.C. Medical File.

3)  **The sanction imposed was not in accordance with provision set forth in the rule (OAR 291-105) because:**

I did not cause injury or damage

**Documentation submitted to the Inspector General will not be returned to you.  (OAR 291-105-0081)**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**Send your Petition for Administrative Review to:**

**Department of Corrections
Inspector General
2575 Center Street NE
Salem, Oregon  979310**

Page 1 of 2 – CD 1442 (5/05)

# Oregon

Kate Brown, Governor

**Oregon Department of Corrections**
Office of the Inspector General
2575 Center Street NE
Salem, OR 97301-4667
Voice: 503-945-0927
Fax: 503-373-1173



**Date:**    **August 4, 2017**

**TO:**    Stephen Jason Whitaker, SID# 10008243

**FROM:**    S. Rogers
Office of the Inspector General

RE Hearings Case Number:  1703 OSP 0114 OSP 26

This will acknowledge receipt of your communication in which you requested an administrative review of your formal disciplinary hearing. Your petition for administrative review cannot be considered for one of the following reasons: (Refer to OAR 291-105-0085)

☐    A Petition for Administrative Review must be submitted on the proper Department form (CD 1442) to be considered. You may resubmit the request for administrative review using the proper form, which is attached.

☒    A petition for administrative review must be submitted within 60 calendar days after the order becomes final. The above mentioned case became final on May 12, 2017. However, your request for an administrative review was received on July 19, 2017, which is beyond the 60-day time period allowed. Therefore, your request is untimely and will not be considered.

☐    This case is not subject to administrative review as it is not a Level 1 or Level 2 violation on the major violation grid. Further, the sanction imposed does not contain a deviation from the segregation sanction listed on the grid nor does it recommend an extension of parole release date or retraction of earned time, good time or extra good time credits. Refer to OAR 291-105-0085(1).

☐    This case was reviewed and a response to this appeal was sent on (date). No further communication on this issue will be necessary.

☐    This information presented is unclear and/or does not contain sufficient information as outlined in OAR 291-105-0085(3) (c).

cc: File

Page 1 of 2

STEPHEN WHITAKER #10008243
3405 Deer Park Drive, SE
Salem, Oregon 97301

## PETITION TO VACATE ORDERS IN THE INTERESTS OF JUSTICE

I, STEPHEN WHITAKER #10008243 , inmate at the Oregon State
Correctional Institution (OSCI), hereby respectfully petition the Inspector General to review and
vacate disciplinary Final Order(s), in Case No(s). 1763 OSP 0114 OSP 26
_____, issued by the Department of Corrections, in the interests of justice,[1] based
on the following compelling and substantial reasons.

## I.    HISORICAL FACTS
**(State exactly what has happened in your case)**

I have had a well documented history of seizure disorder since well
before my incarceration to the present day. The only treatment I was
receiving since my incarceration, was abruptly ended by Nurse Practitioner Heidi
Montgomery leading to an increase in severity & frequency of my seizures. On 3-30-17
I drank some wine I had made to "escape" the pain & anxiety. I had a seizure again
when taken to segregation, thus transported to the hospital. This response to my seizures
has happened multiple times in my 8 yrs at OSP. This time I was held liable for
$3,625.30 for "Medical costs". It was alleged that my intoxication caused my seizure.
I am requesting you vacate the restitution order! I have still been unable to
obtain the Medical Records at dispute.

## II.    DISCUSION
**(explain why your situation deserves a vacation or remand in the interests of justice)**

The effective medication regimine I was on in the community has never been
fully prescribed by D.O.C. The last dondy medication that mitigated my seizures
had been denied causing significant exacerbation of my condition. The hospitalization
prior to the one in question, the doctor told me he informed OSP to put me back on my medication
and they replied that they couldn't because of "safety". If anything has led to the hospitalization
in question, it is much more plausible to be the denial of any treatment whatsoever of

---

[1] OAR 291-105-0100, states:

The Inspector General, Assistant Director for Operations or the Institutions Administrator
may, in the interest of justice, vacate all or part of a final disciplinary order or withdraw
the order and direct that a disciplinary hearing be reopened for consideration of new
evidence.

my ongoing chronic medical condition, and to blame my admitted misconduct, which I have been thoroughly sanctioned for, is ludicrous. Essentially they are trying to use my medical condition as a form of punishment by not only withholding treatment, but also holding me liable when that denial of treatment leads to another hospitalization,

## III. CONCLUSION

Upon examination of the entire record, it should be concluded that ODOC's final orders in Case No(s). <u>1703 OSP 6114 OSP 26</u> created a manifest error and that the ends of justice will not be satisfied unless they are dismissed, or in the least reduced to minor violation, or yet further to a conduct order. *Cf State v. Hickmann*, 273 Or 358, 360 (1975)("[T]he error is manifest and * * * the ends of justice will not otherwise be satisfied") and *Evans v. OSP*, 87 Or App 514, 525 (1987)("[A]ny significant loss of liberty is irreparable *per se*").

Dated this 12th day of July , 2017.

Respectfully submitted, _Stephen W Whitaker_

STEPHEN WHITAKER          (print name)



Kate Brown, Governor

**Oregon Department of Corrections**
Office of the Inspector Genereal
2575 Center Street NE
Salem, OR 97301-4667
Voice: 503-945-0927
Fax: 503-373-1173



August 4, 2017

Stephen Jason Whitaker, SID# 10008243
Oregon State Correctional Institution
3405 Deer Park Dr. SE
Salem, OR 97310-9385

Dear Stephen Jason Whitaker:

This will acknowledge receipt of your communication in which you requested an administrative review of your formal disciplinary hearing regarding case number 1703 OSP 0114 OSP 26, as well as receipt of your request to vacate the same case.

Under normal circumstances, your petition for administrative review would not be considered because your request was not timely. A petition for administrative review must be submitted within 60 calendar days after the order becomes final. The above mentioned case became final on May 15, 2017. However, your request for an administrative review wasn't received until July 19, 2017, which is beyond the 60-day time period allowed. (Refer to OAR 291-105-0085)

However, because you also sent a request to vacate, a thorough review was completed in accordance with the provisions outlined in the Department of Corrections rule governing Prohibited Inmate Conduct (OAR 291-105). The review indicates there was substantial compliance with the rule, the finding was based upon a preponderance of the evidence and the sanction imposed was in accordance with the provisions set forth in the rule. Refer to OAR 291-105-0085(3)(4).

Your request to vacate this case and the information you provided, as well as other facts pertinent to the case, were all thoroughly reviewed. Based on the totality of the information and your individual circumstances, I do not feel it is in the interest of justice to vacate this case. Therefore, your request to have case number 1703 OSP 0114 OSP 26 vacated is denied.

Sincerely,

Craig A. Prins
Inspector General

cc: Hearings Officer
    File



Kate Brown, Governor

**Department of Corrections**
Health Services
2575 Center St. NE
Salem, OR 97301-4667
(503) 378-5593
Fax (503) 378-5597



November 3, 2017

Stephen Whitaker, SID 10008243
Oregon State Correctional Institution
3405 Deer Park Dr. SE
Salem, OR 97310

Re:        Inmate Communication dated Sept 26, 2017

Dear Mr. Whitaker:

This letter is written to you in response to the letter referenced above.

I have discussed and reviewed your case with L. Irving, RN, MSM, at OSCI. According to your healthcare record you are currently seeing Dr. Ole Hansen, CMO, for your medical care. Currently you are not diagnosed with a seizure disorder. Clonazepam cannot be ordered or administered without a valid condition. You have follow-up appointments in the near future, please address any concerns with your medical provider at those appointments.

Health Services is committed to providing care that is respectful, compassionate, objective and non-judgmental. I encourage you to work with the health care staff to further develop your treatment plan of care. If you have concerns, the health services management team is happy to address these concerns with you.

Sincerely,

C. DiGiulio, M.D.
Deputy Medical Director

Cc:     L. Irving, RN, BSN, Medical Services Manager, OSCI/SCI/MCCF
        File